T.C. Summary Opinion 2016-48

UNITED STATES TAX COURT

LAVELL WHITE AND ADRIENE WHITE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30503-13S.                          Filed August 25, 2016.

Matthew J. Holdman, for petitioner Lavell White.[1]

Adriene White, pro se.

Britton G. Wilson, for respondent.

SUMMARY OPINION

CHIECHI, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[2]

_____

[1]Matthew J. Holdman entered an appearance on behalf of petitioner Lavell White after trial and filed a posttrial brief on his behalf.

[2]Hereinafter, all section references are to the Internal Revenue Code in

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in, additions under section 6651(a)(1) to, and accuracy-related penalties under section 6662(a) on petitioners' Federal income tax (tax), as follows:

| Year | Deficiency | Addition to Tax Under Sec. 6651(a)(1) | Accuracy-Related Penalty Under Sec. 6662(a) |
|---|---|---|---|
| 2010 | $20,125 | $3,619.75 | $4,025.00 |
| 2011 | 29,077 | 5,131.00 | 5,815.40 |

The issue remaining for decision is whether to sustain respondent's concession that petitioner Adriene White is entitled to relief under section 6015(c) with respect to each of petitioners' taxable years 2010 and 2011.  We hold that we will.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in Missouri at the time they filed the petition.

---

[2](...continued)
effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

During 2010 and 2011, the taxable years at issue, petitioner Lavell White (Mr. White) was employed by United Parcel Service. During those years, Mr. White also operated an appraisal business known as L & B Consulting & Appraisals (sometimes, appraisal business).

During 2010 and 2011, petitioner Adriene White (Ms. White) was employed as a teacher by the school district for Kansas City, Missouri. During those years, Ms. White was not involved in the management or the operations of Mr. White's appraisal business.

During 2010 and 2011, Mr. White maintained an office in petitioners' home that he used in operating L & B Consulting & Appraisals and where he kept any receipts that he had relating to that business. During those years, he maintained a separate checking account (Mr. White's business checking account) for his appraisal business. The bank statements that pertained to Mr. White's business checking account (Mr. White's business bank statements) were mailed to a post office box that was not the mailing address that Mr. White shared with Ms. White. During 2010 and 2011, Ms. White did not have access to that post office box, and she did not review any of Mr. White's business bank statements.

On May 2, 2012, petitioners jointly filed late Form 1040, U.S. Individual Income Tax Return (Form 1040), for their taxable year 2010 (2010 return). Mr.

White, not Ms. White, prepared petitioners' 2010 return. In doing so, Mr. White, not Ms. White, gathered any receipts that he had relating to L & B Consulting & Appraisals.

Petitioners attached to their 2010 return Schedule C, Profit or Loss From Business (Schedule C), relating to L & B Consulting & Appraisals. In that Schedule C, petitioners reported "[g]ross receipts or sales" and "[g]ross income" of $4,500 and claimed total expenses of $45,599, expenses for business use of home of $3,437, and a loss of $44,536.

On July 30, 2012, petitioners jointly filed late Form 1040 for their taxable year 2011 (2011 return). As was the case with respect to petitioners's 2010 return, Mr. White, not Ms. White, prepared petitioners' 2011 return. As was also the case with respect to petitioners' 2010 return, in doing so, Mr. White, not Ms. White, gathered any receipts that he had relating to L & B Consulting & Appraisals.

Petitioners attached to their 2011 return Schedule C relating to L & B Consulting & Appraisals. In that Schedule C, petitioners reported "[g]ross receipts or sales" and "[g]ross income" of $3,700 and claimed total expenses of $44,827 and a loss of $41,127.

Respondent issued to petitioners a notice of deficiency for their taxable years 2010 and 2011 (notice). In that notice, respondent determined, inter alia, to

(1) increase by $26,475 gross receipts reported in petitioners' Schedule C included with their 2010 return, (2) disallow $27,065 of the total expenses claimed in that Schedule C, (3) increase by $27,488 gross receipts reported in petitioners' Schedule C included with their 2011 return, and (4) disallow $44,266 of the total expenses claimed in that 2011 Schedule.

After Ms. White filed the petition commencing this case, she submitted Form 8857, Request for Innocent Spouse Relief (Ms. White's Form 8857), to respondent's centralized innocent spouse operations center (respondent's CISOC). In Ms. White's Form 8857, she indicated, inter alia:

> My spouse worked one full time job at UPS. He also had his own separate business as a house apprais[er]. He had a separate checking acct. [account] for his business which I didn't have access to nor did I ever know what the balance was. Those bank statements went to his P.O. Box that I did not have access to as well. I knew what his yearly salary was for his first job (UPS) but never how much he made from his sm. [small] business job. According to spouse in 2011 income was 93,100[.] 2010 income 92,900 (via divorce paper)[.]

Respondent's CISOC concluded that Ms. White was entitled to relief under section 6015(c). In support of that conclusion, respondent's CISOC relied on two workpapers dated June 12, 2014, that one of respondent's examiners had prepared with respect to each of petitioners' taxable years 2010 (2010 workpaper) and 2011

(2011 workpaper). The workpapers were virtually identical except for the taxable year to which each one pertained.

The 2010 workpaper and the 2011 workpaper each stated in pertinent part:

## GENERAL INFORMATION

\*     \*     \*     \*     \*     \*     \*

RS [requesting spouse] TPW [taxpayer wife] seeks relief of the
   proposed assessment resulting from an audit of NRS' Sch C
NRS [nonrequesting spouse] had a full time job + a side business as
   a home appraiser
RS states she was not involved in his business finances or the
   preparing of Sch C
NRS had a separate bank account and separate P.O. box for his mail
TP's separated 01/01/2012 - divorced filed 01/2014
Cannot prove actual knowledge under IRC 6015(c) - Proposing to
   grant relief

## SPOUSE RESPONSE

No reply

The 2010 workpaper stated in pertinent part:

## EVALUATION PROCESS

### Year 2010

#### 6015(c)-Understatement

Liability is due to Understatement of tax
No payments were made by the Requesting Spouse (RS).
Taxpayers are currently divorced, widowed, legally separated, or
   living apart (12 consecutive months).

Filed a joint return.

Joint return is valid.

Requesting Spouse (RS) did NOT sign a waiver/report prior to stat.

There was not a deficiency notice, or the notice was not closed in default.

There is a potential deficiency pending

No OIC accepted

There is enough information to determine the claim.

Balance due remaining

Claim filed timely.

Understatement of tax solely attributable to the Non-Requesting Spouse (NRS).

    Erroneous Items:

      U/S resulting from audit of NRS' Sch C business income/expenses..NRS could not substantiate expenses that were deducted on his Sch C; unreported additional income from receipts; adjustments made to Sch A & to capital gain/loss.

Requesting Spouse (RS) meets the marital status requirement for IRC 6015(c)

No fraudulent transfer of assets.

Requesting Spouse (RS) had no actual knowledge.

    Explanation:

      Cannot prove RS had actual knowledge of the items disallowed or income unreported.  RS states she was not involved in his business which he kept secret from her with a separate bank account and separate P.O. box for his mail.  NRS filed the tax return (Sch C) thru Turbotax. Proposed tax assessment $20,125 plus penalties.

No disqualified assets transferred - grant relief.

## Relief granted under IRC 6015(c)

Either the Requesting Spouse (RS) made no payments, or is not requesting a refund.

    No refundable payments.

**Full Grant**

**CONCLUSION**

2010 - Grant under 6015(c)

The 2011 workpaper stated in pertinent part:

**EVALUATION PROCESS**

**Year 2011**

Liability is due to Understatement of tax

No payments were made by the Requesting Spouse (RS).

Taxpayers are currently divorced, widowed, legally separated, or living apart (12 consecutive months).

Filed a joint return

Joint return is valid.

Requesting Spouse (RS) did NOT sign a waiver/report prior to stat.

There was not a deficiency notice, or the notice was not closed in default.

There is a potential deficiency pending

No OIC accepted

There is enough information to determine the claim.

Balance due remaining

Claim filed timely.

Understatement of tax solely attributable to the Non-Requesting Spouse (NRS).

　　Erroneous Items:

　　　U/S resulting from audit of NRS' Sch C business (house appraiser) expenses & unreported receipts which is resulting in proposed tax increase of $29,077 plus penalties.

Adjustments made to Sch A deductions and Capital Gain or Loss.

Requesting Spouse (RS) meets the marital status requirement for IRC 6015(c)

No fraudulent transfer of assets.

Requesting Spouse (RS) had no actual knowledge.
Explanation:
Cannot prove RS had actual knowledge of the NRS' business activities. She states they had a joint bank account but NRS also had a separate account for his business and a P.O. Box for his mail. RS states NRS filed the tax returns thru Turbotax and she had no input to his Sch C income/expenses. NRS had a full time job besides his business. RS was aware of his full time job income but claims everything about his side business was kept secret from her.

No disqualified assets transferred - grant relief.

### Relief granted under IRC 6015(c)

Either the Requesting Spouse (RS) made no payments, or is not requesting a refund. No refundable payments.

### Full Grant

### CONCLUSION

2011 - Grant under 6015(c)

### OPINION

Section 6013(a) provides that taxpayers who are married at the end of a taxable year may elect to file jointly a tax return. If they do so, the spouses are jointly and severally liable for the tax due. Sec. 6013(d)(3). If certain requirements are met, a spouse may be relieved of joint and several liability in one of three ways. See sec. 6015(b), (c), (f).

Respondent concedes that Ms. White is entitled to relief under section

6015(c)[3] with respect to the deficiency that respondent determined in the notice

with respect to each of petitioners' taxable years 2010 and 2011. It is Mr. White's

position that respondent should not have made that concession. We will decide

whether to sustain respondent's concession.

In order to be entitled to relief under section 6015(c), the spouse who

requests that relief (requesting spouse) must establish that that spouse satisfies

several requirements, including that the requesting spouse filed jointly a tax return

for the year in question and was divorced or separated at the time the requesting

spouse seeks that relief. See sec. 6015(c)(1), (3)(A)(i). Relief is not available to a

requesting spouse under section 6015(c) if at the time that spouse signed the tax

return in question that spouse had actual knowledge of any item giving rise to a

deficiency (or portion thereof) which is not allocable to the requesting spouse

under section 6015(d). See sec. 6015(c)(3)(C). It is the Commissioner of Internal

Revenue who generally bears the burden of demonstrating that the requesting

spouse had such actual knowledge. See id. As a result, respondent must establish

that at the respective times Ms. White signed the 2010 tax return and the 2011

_____

[3]Ms. White does not claim that she is entitled to relief under sec. 6015 (b) or (f).

return she had actual knowledge of any item that gave rise to the respective deficiencies (or portions thereof) for petitioners' taxable years 2010 and 2011, which is not allocable to her under section 6015(d).  See id.

In support of his position that respondent should not have conceded that Ms. White is entitled to relief under section 6015(c), Mr. White contends that at the respective times she signed the 2010 return and the 2011 return Ms. White had actual knowledge of the items that gave rise to the respective deficiencies for petitioners' taxable years 2010 and 2011 which respondent determined in the notice and that were not allocable to her under section 6015(d).[4]  In advancing that position, Mr. White relies principally on his testimony.  We found Mr. White's testimony to be in certain material respects not credible, conclusory, uncorroborated, and/or self-serving.  We shall not rely on the testimony of Mr. White to establish his position with respect to the issue presented.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  In contrast, we found the testimony of Ms. White to be credible and reliable.

Respondent concedes that respondent is unable to satisfy respondent's burden under section 6015(c)(3)(C) of establishing the actual knowledge of Ms.

_____

[4]Mr. White improperly advances certain arguments or contentions on brief, as does Ms. White, that are based on alleged facts which are not established by the record before us.  We shall not consider any such arguments or contentions.

White that that section requires before relief under section 6015(c) may be denied. We need not decide whether under those circumstances that burden shifts to Mr. White. See, e.g., Knight v. Commissioner, T.C. Memo. 2010-242, 2010 WL 4536996, at *2. That is because on the record before us we find that Ms. White did not have actual knowledge of the items that gave rise to the deficiency for each of petitioners' taxable years 2010 and 2011 and that are not allocable to her under section 6015(d).[5]

Based upon our examination of the entire record before us, we sustain respondent's concession that Ms. White is entitled to relief under section 6015(c) with respect to each of petitioners' taxable years 2010 and 2011.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[5]The parties stipulated that during 2011 Ms. White received interest income totaling $62 with respect to two bank accounts maintained in her name and that Mr. White did not report that interest income in petitioners' 2011 return. At the beginning of trial, respondent's counsel indicated that the $62 of interest income was de minimis and was thus not excluded from the relief under sec. 6015(c) that respondent was conceding. Mr. White does not argue that, because interest income totaling $62 for petitioners' taxable year 2011 was allocable to Ms. White, she is not entitled to relief under sec. 6015(c) relating to the portion of the deficiency for that year which is attributable to that interest income. Under the circumstances, we do not consider that question.

To reflect the foregoing,

Decision will be entered under
Rule 155.